UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| [1] Maria Suarez-Torres, | **CIVIL ACTION** |
| Plaintiff | |
| v. | |
| [1] AREA RECREATIVA MONTE FRIO, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT
*(Injunctive Relief Demanded)*

Plaintiffs, Maria Suarez-Torres, individually, on her own behalf and on behalf of all other individuals similarly situated, (hereinafter referred to as "Plaintiff"), hereby sues the Defendant(s), **AREA RECREATIVA MONTE FRIO, INC.** doing business as **AREA RECREATIVA MONTE FRIO** (hereinafter collectively referred to as "Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), as well as violation of the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

2.      Venue is properly located in the District of Puerto Rico because venue lies in the judicial district of the property *situs*. The Defendant's property is located in and does business within this judicial district.

## PARTIES

3.      Plaintiff **Maria Suarez Torres** is a Puerto Rico resident, lives in Bayamon, Puerto Rico, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is severely limited or unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair and has limited use of her hands. At the time of Plaintiff's visit to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. Plaintiff's disability: spinal cord trauma; paraplegia since 1992.  On or around January 18, 2016, Plaintiff personally visited the Defendant's facility (which is less than 2 miles from her home) but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though she would be classified as a "bona fide patron". During this visit, Plaintiff experienced unnecessary difficulty and risk because no purportedly accessible parking space was designated as "van accessible" and no wheelchair accessible entrance.

4.      Plaintiff has patronized Defendant's facilities in the past, and intends to continue to patronize Defendant's facilities. However, unless Defendant is required to remove the access barriers described below, Plaintiff will continue to be denied full access to Defendant's facilities as described, and will be deterred from fully using Defendant's facilities. Plaintiff Maria Suarez Torres will avail herself of the services offered at the facility in the future, provided that the Defendant modify the Premises or modify its'

policies and practices to accommodate individuals who use wheelchairs or walkers. Plaintiff frequently travels to the area wherein Defendant operates the subject facility to conduct various activities, including, but not limited to shopping, dinning, seeking medical services, or enjoying a road trip. Plaintiff plans to return to the property to avail herself of the goods and services offered to the public at the property. As detailed in paragraph 16, Plaintiff has encountered barriers at the subject property, which discriminate against her on the basis of her disability.  Plaintiff plans to avail herself of the goods and services offered to the public at the property return in Fall 2016 (soon after summer).

5.     Completely independent of her personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff Maria Suarez Torres also act as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff Maria Suarez Torres employ a routine practice. Plaintiff Maria Suarez personally visit the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff Maria Suarez Torres are able to access; and test all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceed with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff Maria Suarez Torres also intend to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff Maria Suarez Torres,

in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is the Plaintiff's belief that said violations will not be corrected without court intervention, and thus the Plaintiffs will suffer legal harm and injury in the near future. Plaintiff Maria Suarez Torres plan to return to the property also a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. As civil right activists, Plaintiff Maria Suarez Torres intent to return to the Subject Facility to verbally and face-to-face demand ADA compliance to Defendant's manager's on several dates.

6.  Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as **AREA RECREATIVA MONTE FRIO** at Bayamon, Puerto Rico (hereinafter "Subject Facility"). Defendant also maintains and controls the Subject Facility:



## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. Plaintiff Maria Suarez Torres adopt and re-allege the allegations stated in paragraph "1" through "7" of this complaint as if fully stated herein.

8. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

9. Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to

existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10.  Congress explicitly stated that the purpose of the ADA was to:

a.  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.  provide, clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

c.  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

U.S.C. §12101(b)(1)(2) and (4).

11.  Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it is an establishment which provides services to the general public, and must be in compliance therewith. The building and/or Subject Facility which is a subject of this action is a public accommodation covered by the ADA and which must be in compliance

therewith. As the owner, lessor, lessee, or operator of the Subject Facility, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG").  Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible.  Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

12. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of

goods, services, facilities, privileges, advantages and/or accommodations located at the Subject Facility as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

13.    Plaintiff(s) has visited the Subject Facility, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

14.    Plaintiff(s) intends to return within the next six months provided the defendants modifies the facility to enjoy the goods and/or services at the Subject Facility on a spontaneous, full and equal basis. However, Plaintiff Maria Suarez Torres is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff Maria Suarez Torres continue to suffer from discrimination and injury due to the architectural barriers which are in violation of the ADA.

15.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

16.    Plaintiff experienced unnecessary difficulty and risk because no purportedly accessible parking space was designated as "van accessible" and it was obvious that there was no wheelchair accessible entrance. As a result, Plaintiff was forced to leave the Subject Facility as soon as she became aware of the above. Subsequently, based upon an investigation performed on Plaintiff's behalf, Plaintiff has become aware of additional

architectural barriers at Defendant's facilities. These additional barriers, which were not directly encountered by Plaintiff but which Plaintiff has knowledge of as a result of the investigation conducted in connection with this case. On Plaintiff's behalf, investigators examined the retail location owned by Defendant, and found that Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff Maria Suarez Torres as a result of inter alia, the following specific violations:

**SITE ARRIVAL POINTS**

a)  This property fails to comply with section; 206.2.1 Site Arrival Points. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. This violation made it dangerous for Plaintiff to get to the entrance of the facility.

b)  This property fails to comply with section; 502.2 Vehicle Spaces. Each parking space must be at least 12 feet (3658 mm) wide, shall be marked to define the width, and shall have an adjacent access aisle complying with 502.

c)  This property fails to comply with section; 502.3 Access Aisle. Access aisles serving parking spaces shall comply with 502.3. Access aisles shall adjoin an accessible route. Two parking spaces shall be permitted to share a common access aisle.

**ENTRANCE**

d)     No accessible entrance, i.e., accessible restaurant doors are those that provide a 32-inch opening, 18 inches of clear wall space when an individual must pull on the door to enter or exit the restaurant or a room within it, an individual ought to be able to open or close a door with a closed fist, beveled edges in the door must not measure more than 0.75 inches, and a threshold edge must be 0.25 inches or less.

**SEATS & TABLES**

e)     The Facility and/or Property lacks any seating spaces which are accessible to persons with disabilities in violation of Sections 226, 226.1 and 902 of the 2010 ADAAG.

**COUNTER**

f)     The interior of the Facility has a counter lacking any portion of the counter that has a maximum height of **36 inches from the finished floor** in violation of section 904.4 of the 2010 ADAAG regulations, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation makes it impossible for Plaintiff Maria Suarez Torres to properly transact business at the Facility.  Providing **counter heights exceeding 36 inches** in the self-service counters making it impossible to service a disabled person pursuant to 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2.  If barrier's removal is not "readily achievable" defendant failed to make available the facilities through "alternative methods that are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

**RESTROOM**

g)   There is inadequate **clear turning space** in the stall in violation of section

603.2.1 of the 2010 ADAAG regulations.

**ACCESS TO POOL**

h)   Failure to provide a means of entry at the pool as required for persons with

disability such as pool lift chair, sloped entry, transfer wall or transfer

platform pursuant to 2010 ADAAG §§ 242, 242.1, 242.2 and 1009

17.   To the best of Maria Suarez Torres' belief and knowledge, the Defendant has failed to

eliminate the specific violations set forth in paragraph 16. Plaintiff Maria Suarez Torres

has attempted to gain access to the Facility and/or Property in her capacity as a customer,

but because of her disability has been denied access to, and has been denied the benefits

of services, programs, and activities of the Facility and/or Property, and has otherwise

been discriminated against and damaged by Defendants, because of the physical barriers,

dangerous conditions and ADA violations set forth above, and expect to be discriminated

against in the near future by Defendants because of Plaintiff's disabilities, unless and

until Defendants are compelled to remove unlawful barriers and conditions and comply

with the ADA.

18.   As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and

use Defendant's facilities has been significantly impeded.

19.   Though Defendant has centralized policies regarding the management and operation of

its facilities, Defendant has never had a plan or policy that is reasonably calculated to

make its facilities fully accessible to, and independently usable by individuals with mobility disabilities.

20.     As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

21.     Plaintiff intends to return to Defendant's facilities to conduct business and to ascertain whether those facilities remain in violation of the ADA. However, so long as the numerous architectural barriers at Defendant's facilities continue to exist, Plaintiff will be deterred from returning to Defendant's facilities.

22.     Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of his rights under the ADA.

23.     The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

24.     Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1);  28 C.F.R. § 36.406;  28 C.F.R., pt. 36, app. A.

25.     Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

26.     Defendant has failed, and continues to, fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

27.   Defendant has discriminated against Plaintiff in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

28.   Defendant's conduct is ongoing, and Plaintiff has been harmed by Defendant's conduct.

29.   All of the above violations are readily achievable to modify in order to bring the Facility/Property into compliance with the ADA as the modifications can be easily accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28 C.F.R. 36.304.

30.   Upon information and belief the Defendant has the financial resources to make the necessary modifications.

31.   Upon information and belief the Property has been altered since 2010.

32.   In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 16 can be applied to the 1991 ADAAG standards.

33.   Plaintiff Maria Suarez Torres is a frequent visitor of the area where Defendant's property is located and is a resident of Bayamon metropolitan area for decades. Plaintiff visited the property which forms the basis of this lawsuit, or at least all of those that Plaintiff Maria Suarez Torres was able to access because there are no van-accessible parking spaces at the Subject Facility, and encountered the discriminatory violations described in paragraph 16.

34.   Plaintiff Maria Suarez Torres plans to return to the property also as "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. The issue of "tester

standing" was first addressed by the United States Supreme Court in <u>Havens Realty Corp.</u> <u>v. Coleman</u>, 455 U.S. 363 (1981). The Supreme Court defined testers as "individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful steering practices." While some would argue that any evidence presented by someone who admits he or she is not being truthful (because they have no real interest in renting or buying the apartment/home) should be considered suspect at best, courts routinely allow testers to testify, and rarely discount the reliability of their testimony. *The U.S. Equal Employment Opportunity Commission* also endorses this practice in the ADA employment context. See, e.g., Enforcement Guidance:  Whether "testers" can file charges and litigate claims of employment discrimination.[1] Much has been written about the standing these testers have to sue businesses whose goods and services they really never had any intention of using, either in the past or in the future. Public policy journals typically advocate in favor of the right of these serial plaintiffs to enforce the public purpose behind the ADA.  See, e.g., L. Lee, Giving Disabled Testers Access To Federal Courts: Why Standing Doctrine Is Not The Right Solution To Abusive ADA Litigation, 19:2 Virginia Journal Of Social Policy & the Law (Spring 2012); A. Brown, How Courts Are Undermining The American With Disabilities Act's Private Enforcement Provision, Rutgers Journal Of Law and Public Policy Region In Review Blog (September 13, 2012). Plaintiff's "undisputed tester motive behind his plan to return does not defeat standing." <u>Houston v. Marod Supermarkets, Inc.</u>, 733 F.3d 1323 (11th Cir. 2013); *See also* <u>Colorado Cross Disability Coal v. Abercrombie & Fitch Co</u>., 765 F.3d 1205, 1211 (10th Cir. 2014); <u>Houston v. Marod Supermarkets, Inc</u>., 733 F.3d 1323, 1332

---

[1] http://www.eeoc.gov/policy/docs/testers.html.

(11th Cir. 2013); <u>D'Lil v. Best W. Encina Lodge & Suites</u>, 538 F.3d 1031, 1040 (9th Cir. 2008); see also <u>Steelman v. City of Salem</u>, No. 4:12-CV-00191, 2013 WL 1363792, at 4 (E.D. Mo. Apr. 4, 2013); <u>Betancourt v. 2 Combs Enterprises, Inc.</u>, No. 10-3364-CV-S-MJW, 2011 WL 846849, at *3 (W.D. Mo. Mar. 8, 2011). As the Eighth Circuit and other appellate courts have recognized, private litigation serves as an important means to enforce the public policy behind civil rights statutes such as the ADA and serial litigants serve a valuable purpose as private attorneys generals ensuring that the ADA yields its promises of equal access to disabled persons. See <u>Shaver v. Indep. Stave Co</u>., 350 F.3d 716, 724-25 (8th Cir. 2003) (citing <u>Kyles v. J.K. Guardian Sec. Servs., Inc</u>., 222 F.3d 289, 299 (7th Cir. 2000); see also <u>Molski v. Evergreen Dynasty Corp</u>., 500 F.3d 1047, 1062 (9th Cir. 2007); <u>Bruce v. City of Gainesville, Ga</u>., 177 F.3d 949, 952 (11th Cir. 1999).

35.   The violations present at Defendant's facility, create a hazard to Plaintiffs' safety.

36.   Plaintiff Maria Suarez Torres is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination, i.e. trying to get out of her vehicle using her ramp when there are no van accessible parking spaces (see image below). Plaintiff Maria Suarez Torres is not required to make plans to shop at inaccessible stores, a truly futile gesture. Nevertheless, Plaintiff Maria Suarez Torres plans to avail herself of the goods and services offered to the public at the property in the near future, and will also verbally and face-to-face demand ADA compliance, as needed. The image below shows a van-accessible parking space.



37.   The remedial provision of Title III states that "[n]othing in this section shall require a
person with a disability to engage in a futile gesture if such person has actual notice that a
person or organization covered by this subchapter does not intend to comply with its
provisions." 42 U.S.C. § 12188(a)(1). In the legislative history of the ADA, Congress
noted that the "futile gesture" doctrine was set forth in the case of <u>International Bhd. of
Teamsters v. United States</u>, 431 U.S. 324 (1977). See H.R. Rep. 101-485(II), 101st
Cong., 2d Sess. at 82-83, reprinted in 1990 U.S.C.C.A.N. 303, 365.   ADA – like the
Equal Protection Clause, Title VII and the Fair Housing Act – prohibits a certain type of
discrimination. And as is the case with the Equal Protection Clause, Title VII and the Fair
Housing Act, injury under the ADA consists of the discrimination -- in and of itself --
that deprives the plaintiff of the opportunity to obtain a benefit rather than the lack of the
benefit itself. Thus, to impose liability under Title III, *the barrier does not need to
completely preclude plaintiff from entering or using the facility*; it need only interfere
with the plaintiff's full and equal enjoyment of the facility. See <u>Moeller v. Taco Bell
Corp.</u>, 816 F.Supp.2d 831, 848 (N.D.Cal.2011) (citing 1183*1183 <u>Doran v. 7-Eleven
Inc.</u>, 524 F.3d 1034, 1041 n. 4 (9th Cir.2008) (discussing that the ADA "does not limit its

antidiscrimination mandate to barriers that completely prohibit access.")). "Because the ADAAG establishes the technical standards required for `full and equal enjoyment,' if a barrier violating the ADAAG relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes `discrimination' under the ADA, thereby violating the ADA." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir.2011). Here, the odds of the injury occurring again are certain where the building is not in compliance with the ADA and the Plaintiff Maria Suarez Torres and every other person with the same disability is going to confront the same barrier on every future visit. Second, the Plaintiff Maria Suarez Torres, a paraplegic woman have an actual and present injury i.e. being deterred from visiting the building because they are at-all-times aware of the barriers at the Subject Facility. Third, Plaintiff Maria Suarez Torres is deterred from patronizing the Store/Subject Facility and suffer the ongoing actual injury of not being able to access that Store/Subject Facility. Finally, the risk of injury in fact is not speculative because the discriminatory barriers or policies remain in place, the Plaintiff remain disabled, and the Plaintiffs are able and ready to visit the facility once it is made ADA compliant, e.g. visit the facility with her family and granddaughter.

38.   The violations present at Defendant's facility infringe Plaintiffs' right to travel free of discrimination. Plaintiff(s) has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the

discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless they are willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and are deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiffs the equality of opportunity offered to the general public.

39.     Plaintiff(s) has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

40.     Plaintiff(s) has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this Complaint. Plaintiff(s) has reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff Maria Suarez Torres desire to visit the Subject Facility not only to avail themselves of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

41.     The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

42.     The discriminatory violations described in paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff(s) requires the inspection of the Defendant's place

of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff(s), and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff(s) and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff(s) requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

43. Defendant has discriminated against the Plaintiff(s) by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff(s), and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

44.  Plaintiff Maria Suarez Torres is without adequate remedy at law and are suffering irreparable harm. Plaintiff(s) has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

45.  Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff(s) Injunctive Relief, including an order to require the Defendant to alter the Subject Facility to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

46.  Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

47.  Therefore, Plaintiff seeks a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified access barriers so that Defendant's facilities are fully accessible to, and independently usable by, individuals with mobility disabilities, as required by the ADA. Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. Payment of costs of suit;

D. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

E. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT II
## VIOLATIONS TO THE PUERTO RICO CIVIL RIGHTS ACT

48.   Plaintiff Maria Suarez Torres incorporate all the preceding paragraphs.

49.   Maria Suarez Torres is an individual with disabilities within the meaning of the Puerto

Rico Civil Rights Act who suffered intentional disability discrimination in violation of

P.R. Laws Ann. tit. 1, § 13, which provides:

> § 13.  Civil rights--Discrimination in public places, businesses, transportation and housing
>
> > (a) No person shall be denied in Puerto Rico any access, service, and equal treatment in **public places and businesses** and in the means of transportation because of political, religious, race, color or sex issues, **or for of any other reason** not applicable to all **person in general**.

50.   Defendant(s) is/are person(s) within the meaning of P.R. Laws Ann. tit. 1, § 18

("individual, corporation, association, business firm, business trust, or any corporate

organization, as well as any agent, proxy, executor, manager, supervisor, employee, or

realtor, and it shall include, further, any agency of the Government of Puerto Rico, and

the officers, officials, agents, employees, and assignees thereof").

51.   Defendant(s) operate a place for public accommodation/public business within the

meaning of P.R. Laws Ann. tit. 1, § 18.

52.   Pursuant to the Puerto Rico Bill of Rights for Persons with Disabilities,  P.R. Laws Ann.

tit. 1, § 512b, "the disabled population should enjoy and have access on an equal basis to

the offer and demand of public services, subject to applicable Commonwealth and

**federal legislation** and jurisprudence for the rendering of public services."

53.   The Puerto Rico Bill of Rights for Persons with Disabilities, P.R. Laws Ann. tit. 1, §

512k, also provides:

> **§ 512k.  Other actions and interpretation of laws**
>
> The execution of the action authorized by this chapter is **independent from any other civil or criminal action**, rights or remedy provided by the legislation in

effect and none of these provisions shall limit or obstruct the execution of such actions, rights or remedies.

**All legislation shall be construed in the manner that is most beneficial to persons with disabilities** and all branches of the government and natural or juridical persons, upon interpreting any legislation, **shall use a liberal and non-restrictive interpretation in favor of such persons**.

It shall be the **duty of the courts**, departments, agencies, instrumentalities, public corporations, municipalities and any other entities of the Government of the Commonwealth of Puerto Rico **to liberally interpret all statutes**, regulations or ordinances pertaining to the rights of persons with disabilities for these to **conform to the principles set forth in the Constitutions of the United States of America** and of the Commonwealth of Puerto Rico for the social purpose of protecting, defending and vindicating the rights of persons with disabilities, including those cases and claims which have been filed at the courts or administrative forums within the jurisdiction of the Commonwealth of Puerto Rico prior to the approval of this act and to its ruling becoming final and binding.

(Emphasis added).

54. Pursuant to the Puerto Rico Bill of Rights for Persons with Disabilities,  P.R. Laws Ann. tit. 1, § 512a, persons with disabilities, like Plaintiff, are entitled to:

   a. The full guarantee of all the rights, benefits, responsibilities and privileges on **equal terms with those of persons without disabilities**.

   b. Freedom from interference, coercion, **discrimination or reprisals for the exercise of their <u>civil rights</u>**.

55. Plaintiff Maria Suarez Torres is suffering intentional disability discrimination because the defendant(s) never had intention to comply with the requirements of the American with Disabilities Act and the laws of Puerto Rico, e.g. there was no self-assessment plan to ensure ADA compliance, there is no remedial plan, and the defendant conducted business for years ignoring the American with Disabilities Act. Defendant's intentional misconduct contributed (and contributes) to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities,

privileges and/or accommodations available to the general public, causing Plaintiff Maria

Suarez Torres emotional damages in an amount to be determined at trial.

56.     The plaintiff is entitled to relief pursuant to  P.R. Laws Ann. tit. 1, § 14, which provides:

> § 14.  Civil rights--Penalties; actions for damages; punitive damages
>
> Any person who shall deliberately or by false reports or by any subterfuge violate any of the provisions hereof shall be guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), or by imprisonment in jail for a term of not less than thirty (30) days nor more than ninety (90) days, or by both penalties, in the discretion of the court.
>
> Any person aggrieved by any violation of §§ 13--18 of this title **may bring the corresponding civil action in a competent court for the <u>damages such violation may have caused him</u>**.
>
> If the remedy is granted, the court shall, **<u>in addition</u> to the proper compensation for losses and damages caused, impose the payment of <u>another indemnity as punitive damages</u>**.
>
> (Emphasis added).

57.     Plaintiff requests a trial by jury on all issues triable by jury.

**WHEREFORE**, Plaintiff respectfully requests:

a)      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 <u>et</u> <u>seq</u>.

b)      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing

to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

a)      Compensatory and punitive damages as allowed by the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13 and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, **in excess of one million dollars ($1,000,000.00)**.

b)      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

c)      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**RESPECTFULLY SUBMITTED**,

**/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
**USDC-PR NO.: 231014**

**PO BOX 2013**
**BAYAMON PR 00960**

**TEL.: (787) 599-9003**

*Attorney for Maria Suarez-Torres*

Americans with Disabilities Act
ACCESSIBILITY-RELATED LITIGATION

JOSÉ CARLOS VÉLEZ COLÓN, ESQ.
JCVELEZCOLON@GMAIL.COM

P.O BOX 2013
BAYAMÓN, PR 00960

TEL.: (787) 599-9003